Curia, per

Richardson, J.
The merits of the plaintiff’s case depends upon two questions. First, is the writing set forth in the plaintiff’s declaration, an intelligible written assumption by the defendant, Gadsden, to pay the debt of Verdier to Mordecai 1 And secondly, was there legal consideration for such assumption 1 As to the first question. The written assumption purports to guarantee the payment of the money due by Verdier to Mordecai. This paper, if subscribed by Gadsden, in the usual form of subscribing written contracts, a note for instance, would be too plain for doubt. But, it is so signed by Verdier, the debtor; then endorsed by Mordecai, the creditor. And thirdly, under the word “accepted,” Gadsden signed his name ; having written the paper himself after agreeing with Mordecai to become responsible. And this form was adopted, after Gadsden had refused to sign a note that would pass through the Bank.
The evidence of Mr. Moses explains why a very peculiar form was adopted by the defendant. But, in no way alters the contract. It was evidently Mr. Gadsden’s own written form in assuming to pay Verdier’s debt. And, for that end, any rational construction may be put, to bind him to his contract.
For instance, the words “I guarantee,” must constitute the assurance of some one of the parties to the contract But such guaranty of his own debt could not be supposed to come from Verdier, the debtor himself, and still less from his creditor Mordecai. Both had signed it.
To give the words “I guarantee,” any rational application, then, the signature of the defendant under the word “accepted,” written upon the face of the paper, must plainly constitute his subscribing, as the maker of the instrumant. The defendant cannot be allowed to escape his *571 evident assurance to Mordecai. And such is my own construction of the contract, which would make it a note of hand, at sixty days, given by Gadsden to Mordecai. But, for the fulfilment of the intended contract, the instrument may be as well considered as an order, or request, drawn by Verdier to guarantee his debt to Mordecai, which, being accepted in writing by Gadsden, renders him the guarantor, under the statute of frauds.
The assumption was then an intelligible written under-, taking for the debt of another.
But, secondly. Was the consideration sufficient 7 The consideration consisted in the release of the person of Verdier from a bail writ. It did not appear from the evidence that his bill, which was the subject of the bail writ, was given up to him, nor a receipt. And the witness Salinas, said Verdier was insolvent. But Geyer proved that the negroes had been put by Verdier with Gadsden, and 3 or $400 advanced him. One was sold, and two levied upon by the marshall afterwards.
The argument against the sufficiency of the consideration, was, that 'it failed by reason of two of the negroes being taken away.
But, if the consideration was sufficient at the time, the party guaranteed does not answer for its continuance, The counter indemnity from the original debtor to the guarantor is between themselves. And it is enough for the party guaranteed to shew that it existed at the time. It was then no nudum pactum; and that is enough. Were the law otherwise, he would be subject to the frauds of his debtor and guarantor, in a matter utterly beyond his control, and of which the guarantor was the proper judge, In the case of Corbett against Cockran, 3 Hill, 41, the court held, unanimously, that the discharge of the debtor, on open account, being made in the books of Corbett, at the, instance of Cockran, and himself debitted with the account, amounted to the discharge of the original debtor, and such consideration sufficient, and Cockran liable without any written assumption, unless such entry in Corbett’s books can be so called, which I cannot so understand.
But in the case before us there was a written assumption, which fulfils the express requisition of the *572 statute against frauds. And so there be some legal consideration to fulfil what may be called the “sine qua non ,” of the common law, in such cases, we are not to measure the consideration with strictness. Advantage to the defendant, or detriment to plaintiff, answers the purpose. See 2 Bay, 383 ; 4 Pick. 97; 14 John. 4. Otherwise the statute might be greatly perverted,
Upon these two first heads the court then concurs with the recorder, that the non-suit was properly rejected, and the case rightly left to the jury.
But thirdly. A series of grounds are urged, upon a supposed irregularity in issuing the bail writ against Verdier. But such objections do not lie with the guarantor. The then defendant acquiesced in the proceeding ; and the action was at least substantially just and legal. And even if such objections were valid, they would only bear upon a part of the consideration ; the release of the person of Verdier from the bail writ.
But, on the third head, let it be admitted for the argument, that the action of Mordecai against Verdier was both radically defective, and the debt still subsisting. What follows ? No more than this. That the guaranty of Gadsden is collateral, and must be in writing, by the statute. But, then, as Judge Earle so well puts it, in Corbett’s case (p. 44) “a loss, or even inconvenience to the promisee, is enough,” See also Judge Nott’s observation, in Boyce vs. Owens, in 2 McCord, 208, upon this distinction between such a case as Corbett’s, where the original debtor being actually discharged amounts to full legal consideration for the verbal promise to pay his debt, and a case like that now before us, where the original debtor is not discharged. And the promise of a third person must be in writing, ex vi termini of the statute, but must still have some consideration for common law sake, I have been led to remark, not only on account of the present case, but because the exact character of Corbett’s case, and the very learned and just exposition of Judge Earle, has not been very generally considered and conceded by the profession. That was a case at common law; and required a consideration co-extensive with the promise of Cockran. But the present case is under the statute, and *573 does not require a consideration to the extent of three hundred and fifty-six dollars, fifty cents. And that is the proper legal answer to all the objections that Gadsden’s expected consideration fell short of his written guaranty to pay that exact sum of money; i. e. he lost two of the three negroes. This might be admitted. But no fraud appearing, the consideration may be still good for the guaranty under the statute. The motion is therefore dismissed.
O’Neall, Evans and Butler, JJ. concurred.